UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | CR No. 02-47L |
| | : | |
| STEVEN A. MANGUM | : | |

**REPORT AND RECOMMENDATION**

Lincoln D. Almond, United States Magistrate Judge

This matter has been referred to me pursuant to 28 U.S.C. § 636(b)(1)(B) and 18 U.S.C. § 3401(i) for proposed findings of fact concerning whether the Defendant is in violation of the terms of his supervised release and, if so, to recommend a disposition of this matter. In compliance with that directive and in accordance with 18 U.S.C. § 3583(e) and Fed. R. Crim. P. 32.1, a hearing was held on May 13, 2008, at which time Defendant, through counsel and personally, admitted that he was in violation of his supervised release conditions as to the charged violations. At the hearing, I ordered Defendant detained pending my Report and Recommendation and final sentencing. Based upon the following analysis and the admission of Defendant, **I recommend that Defendant be committed to the Bureau of Prisons for a term of one year and one day of incarceration, followed by no further supervised release.**

**Background**

On April 30, 2008, the Probation Office petitioned the Court for the issuance of a Warrant for Defendant's arrest. On April 30, 2008, the District Court reviewed the request and ordered the issuance of a Warrant. Defendant appeared in Court on May 6, 2008 for a preliminary hearing. A subsequent hearing was held on May 13, 2008 at which time Defendant knowingly and voluntarily

admitted to the following charges and waived his right to a revocation hearing under Fed. R. Crim. P. 32.1(b)(2):

> **While on supervision, the defendant shall not commit another federal, state, or local crime. The defendant shall not illegally possess a controlled substance.**
>
> On May 31, 2007, Steven Mangum plead nolo to possession of cocaine and possession of ecstasy in Providence Superior Court, Providence, Rhode Island, Docket No. P2-07-0465A.
>
> **The defendant shall refrain from any unlawful use of a controlled substance.**
>
> Mr. Mangum provided the following urine screens which tested positive for marihuana and/or cocaine on the following dates: September 14, 2006, September 26, 2006, November 1, 2006, November 6, 2006, November 17, 2006, August 6, 2007, November 2, 2007, November 13, 2007, November 26, 2007, December 6, 2007, December 17, 2007, January 8, 2008, January 31, 2008, February 4, 2008 and April 18, 2008.
>
> **The defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month.**
>
> Mr. Mangum failed to provide written monthly reports for December 2007, January 2008, February 2008 and March 2008 which were due by January 5, 2008, February 5, 2008, March 5, 2008 and April 5, 2008 respectively.

As the Defendant has admitted these charges, I find he is in violation of the terms and conditions of his supervised release.

**Recommended Disposition**

Section 3583(e)(2), 18 U.S.C., provides that if the Court finds that Defendant violated a condition of supervised release, the Court may extend the term of supervised release if less than the

maximum term was previously imposed. In this case, the maximum term of supervised release was previously imposed, therefore, the term cannot be extended.

Section 3583(e)(3), 18 U.S.C., provides that the Court may revoke a term of supervised release and require the Defendant to serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in such term or supervised release without credit for time previously served on post release supervision, if the Court finds by a preponderance of evidence that the defendant has violated a condition of supervised release, except that a defendant whose term is revoked under this paragraph may not be sentenced to a term beyond 5 years if the instant offense was a Class A felony, 3 years for a Class B felony, 2 years for a Class C or D felony, or 1 year for a Class E felony or a misdemeanor. If a term of imprisonment was imposed as a result of a previous supervised release revocation, that term of imprisonment must be subtracted from the above-stated maximums to arrive at the current remaining statutory maximum sentence. In this case, Defendant was on supervision for a Class C felony. Therefore, he may not be required to serve more than two years' imprisonment upon revocation.

Pursuant to 18 U.S.C. § 3583(h) and § 7B1.3(g)(2), when a term of supervised release is revoked and the defendant is required to serve a term of imprisonment that is less than the maximum term of imprisonment authorized, the Court may include a requirement that the defendant be placed on a term of supervised release after imprisonment. The length of such a term of supervised release shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment that was imposed upon revocation of supervised release. In this case, the authorized statutory maximum term of supervised release is three years. There has not been any term of imprisonment previously imposed for

violations of supervised release. Therefore, the Court may impose the above-noted statutory maximum, minus the term of imprisonment that is to be imposed for this revocation.

Section 7B1.1 of the Sentencing Guidelines provides for three grades of violations (A, B, and C). Subsection (b) states that where there is more than one violation, or the violation includes more than one offense, the grade of violation is determined by the violation having the most serious grade.

Section 7B1.1(a) notes that a Grade A violation constitutes conduct which is punishable by a term of imprisonment exceeding one year that (i) is a crime of violence, (ii) is a controlled substance offense, or (iii) involves possession of a firearm or destructive device; or any other offense punishable by a term of imprisonment exceeding twenty years. Grade B violations are conduct constituting any other offense punishable by a term of imprisonment exceeding one year. Grade C violations are conduct constituting an offense punishable by a term of imprisonment of one year or less; or a violation of any other condition of supervision.

Section 7B1.3(a)(1) states that upon a finding of a Grade A or B violation, the Court shall revoke supervision. Subsection (a)(2) provides that upon a finding of a Grade C violation, the court may revoke, extend, or modify the conditions of supervision. In this case, Defendant has committed a Grade B violation. Therefore, the Court shall revoke supervision.

Section 7B1.3(c)(1) provides that where the minimum term of imprisonment determined under § 7B1.4 is at least one month, but not more than six months, the minimum term may be satisfied by (A) a sentence of imprisonment; or (B) a sentence that includes a term of supervised release with a condition that substitutes community confinement or home detention according to the schedule in § 5C1.1(e) for any portion of the minimum term. Should the Court find that Defendant

has committed a Grade B or C violation, § 7B1.3(c)(2) states that where the minimum term of imprisonment determined under § 7B1.4 is more than six months but not more than ten months, the minimum term may be satisfied by (A) a sentence of imprisonment; or (B) a sentence of imprisonment that includes a term of supervised release with a condition that substitutes community confinement or home detention according to the schedule in §5C1.1(e), provided that at least one-half of the minimum term is satisfied by imprisonment. In this instance, neither provision applies.

Section 7B1.3(d) states that any restitution, fine, community confinement, home detention, or intermittent confinement previously imposed in connection with the sentence for which revocation is ordered that remains unpaid or unserved at the time of revocation shall be ordered to be paid or served in addition to the sanction determined under § 7B1.4 (Term of Imprisonment), and any such unserved period of confinement or detention may be converted to an equivalent period of imprisonment. In this case, there is no outstanding restitution, fine, community confinement, home detention or intermittent confinement.

Section 7B1.4(a) of the USSG provides that the criminal history category is the category applicable at the time Defendant was originally sentenced. In this instance, Defendant had a criminal history category of IV at the time of sentencing.

Should the Court revoke supervised release, the Revocation Table provided for in § 7B1.4(a) provides the applicable imprisonment range. In this case, Defendant committed a Grade B violation and has a Criminal History Category of IV. Therefore, the applicable range of imprisonment for this violation is twelve to eighteen months.

Section 7B1.5(b) of the USSG provides that, upon revocation of supervised release, no credit shall be given toward any term of imprisonment ordered, for time previously served on post-release supervision.

**Offender's Characteristics**

Defendant's three-year term of supervised release commenced on April 27, 2006. His conditions provided for mental health and substance abuse treatment, and Defendant was initially referred to outpatient treatment.

Defendant quickly reverted to drug use after his release. Defendant testified positive for marijuana on two occasions in September 2006 and was arrested on October 13, 2006 for possession of cocaine and ecstasy.[1] These transgressions prompted Probation to pursue a violation case. Although Defendant admitted to the violations, he was referred to inpatient drug treatment while his sentencing was held in abeyance. Despite some rocky periods, Defendant successfully completed an inpatient treatment program on March 23, 2007. He continued with outpatient substance abuse and mental health treatment. Because of Defendant's participation in treatment and abstinence from drug use, Defendant was permitted to withdraw his admission of the pending violations, and the violation case was withdrawn by Probation without prejudice on June 1, 2007. In other words, Defendant was given a second chance on supervision.

Unfortunately, Defendant wasted that opportunity and returned to drug use within a couple of months. Probation provided support, and Defendant had a short period of abstinence. Defendant relapsed in November 2007, and he was supported with further outpatient treatment. When it appeared that Defendant was using marijuana on a daily basis, he was referred again to residential

[1] Defendant plead nolo to this charge on May 31, 2007 and was sentenced to three-years' state probation and 100 hours of community service.

treatment. Defendant was discharged from this program for a disciplinary infraction. Probation did not move to violate but gave Defendant another opportunity to secure residential treatment for himself. Defendant admitted himself into the Salvation Army program but he again relapsed and was discharged from that program.

Defendant is charged with a Grade B violation, and the guideline range is twelve to eighteen months. Both sides argued for a sentence of one year and one day with no further term of supervision. Given Defendant's history of noncompliance and the multiple opportunities given to Defendant, the Court agrees that the sentence proposed by the parties is reasonable and so recommends. Defendant was given multiple opportunities to avoid additional incarceration and wasted all of those opportunities. The lack of any further supervision in this case is warranted based on Defendant's failure to productively respond to the significant efforts and resources invested in Defendant by Probation. Defendant also remains subject to continuing state probation until 2010.

**Conclusion**

After considering the various factors set forth in 18 U.S.C. § 3553(a), **I recommend that Defendant be committed to the Bureau of Prisons for a term of one year and one day of incarceration, followed by no further supervised release.**

Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of Court within ten (10) days of its receipt. LR Cv 72; Fed. R. Civ. P. 72(b). Failure to file specific objections in a timely manner constitutes a waiver of the right to review by the District Court and the right to appeal the District Court's Decision. United States v. Valencia-Copete, 792 F.2d 4 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603 (1st Cir. 1980).

/s/ Lincoln D. Almond

LINCOLN D. ALMOND
United States Magistrate Judge
May 13, 2008